

**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION**
**GEORGETOWN UNIVERSITY LAW CENTER**

July 31, 2020

**VIA ECF**
The Honorable Timothy J. Kelly
United States District Court for the District of Columbia
333 Constitution Ave., NW
Washington, DC 20001

Re: *E.B. et al. v. U.S. Department of State et al.*, No. 19-2856 (TJK)

Dear Judge Kelly,

In light of the recent opinion issued by this Court in *Capital Area Immigrants' Rights Coalition (CAIR) v. Trump*, No. 19-2117 (TJK), 2020 WL 3542481 (D.D.C. June 30, 2020), and the upcoming application window for the DV-2022 lottery, Plaintiffs respectfully request that the Court schedule a status conference to discuss the most efficient manner for this case to proceed.

Defendants' motion to dismiss has been fully briefed as of February 28, 2020. ECF Nos. 28-1, 29, 31. The controlling question in this case depends on the application of the APA's foreign affairs exception to notice-and-comment rulemaking. As this Court recently stated in *CAIR*, this exception applies only when a rule "clearly and directly involve[s] activities or actions characteristic to the conduct of international relations." 2020 WL 3542481, at *18.

Based on the Court's clear articulation of the legal standard that applies to the only dispute in this case, Plaintiffs believe that it is ready to proceed to final disposition. Plaintiffs seek expeditious final resolution of this matter because the application window for DV-2022 lottery (sometime between October and November 2020) is fast approaching. Absent swift resolution of this case, Plaintiffs will be unable to participate in a second consecutive diversity lottery because of the Passport Rule. The need for urgent resolution of this case is reinforced by information Plaintiffs have received from Congress showing that only 6.7 million people entered the DV-2021 lottery this past year. By comparison, 14.7 million people entered the DV-2018 lottery.[1] This 54-percent drop highlights the significant hurdles that the Passport Rule poses to participation in the diversity-visa lottery for Plaintiffs and others like them who face financial and logistical impediments to obtaining a passport for the purpose of applying to the lottery.

Given the urgent need for resolution of this case and the clarity provided by *CAIR*, Plaintiffs propose that the case advance to cross-motions for summary judgment and seek the

---

[1] Diversity Visa Program DV 2016-2018: Number of Entries Received During Each Online Period by Country of Chargeability, U.S. Dep't of State (n.d.), https://travel.state.gov/content/dam/visas/Diversity-Visa/DVStatistics/DV%20AES%20statistics%20by%20FSC%202016-2018.pdf.

Court's guidance on how best to proceed.  Two options the Court might consider are: (1) treating the current motion-to-dismiss briefing (and any supplemental briefing that the Court desires) as cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56(f)(3); or (2) setting an expedited schedule for production of the administrative record and for summary-judgment briefing.

Sincerely,

*/s/ Seth Wayne*
Seth Wayne
Senior Counsel
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
(202) 662-4192
sw1098@georgetown.edu